ENGEL, Senior Circuit Judge,
concurring in part and dissenting in part.
I would affirm the judgment of the district court in full. Thus, I respectfully dissent from the majority’s reversal of the district court’s refusal to grant Bower leave to amend his second amended complaint to add Count VIII. In all other respects I concur.
I do not believe that the trial judge abused his discretion in refusing to allow the addition of Count VIII to the second amended complaint. That proposed amendment alleged that the agreement between Jones and Bower included several terms that Ultramontane failed to honor including *1014 a term promising to reducé the agreement to a written contract, a term guaranteeing Bower employment and compensation for a period of one year, and a term specifying that Bower would be paid certain percentages of definite and certain revenues. Ultramontane denied that it ever agreed to those terms. This is not sufficient in my opinion to take the matter out of the Illinois statute of frauds which is not disfavored, in that state, as I read its case law.
Count VIII was not Bower’s first breach of contract claim. In his first amended complaint he alleged that Ultramontane breached the employment agreement but the district court found that he had not sufficiently established an agreement regarding the disputed terms. Ultramontane maintains (and I agree with the district court that it was correct) that Count VIII in fact offered nothing new in view of the earlier rulings. Generosity of the court rules in allowing amendments certainly does not compel a trial judge to permit endless amendments simply to permit a party to stay in court. I would hold it was not an abuse of discretion here for the trial judge to have denied that leave. I do not see any probative evidence pleaded or legal theories advanced to support Bower’s earlier contract claims or any value therefor in trying to revive them through further amendment.